UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARVIN HAYES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:10CV00723 AGF |
| ) | |
| AL LUEBBERS, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the pro se petition of Missouri state prisoner Marvin Hayes for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 29, 2007, Petitioner pled guilty to first degree robbery and armed criminal action stemming from the theft of cash from cash registers at a Walgreen's store on June 2, 2005. He was sentenced to two concurrent ten-year terms of imprisonment, to run concurrent with other state convictions. For habeas relief Petitioner claims that his plea counsel was ineffective by pressuring him to plead guilty on the first degree robbery count when the evidence did not support a conviction on that count. Petitioner maintains that counsel did this because he was afraid to take the case to trial, indicating that he would not represent Petitioner zealously at trial, thereby rendering the plea unknowing and unintelligent. For the reasons set forth below, the petition for habeas relief will be denied.

## BACKGROUND

### Indictment, Guilty Plea Hearing, and Sentencing Hearing

The count of the indictment charging first degree robbery charged that Petitioner, "acting with others, forcibly stole U.S. Currency in possession of Walgreen's, and in the course thereof [Petitioner] or another participant in the crime displayed and threatened the use of what appeared to be a deadly weapon." (Resp. Ex. 1 at 6.)[1] At his guilty plea hearing, Petitioner admitted to the truth of the charges, in the following exchange:

> [Assistant Circuit Attorney]: . . . [T]his defendant had worked at the Walgreen's that was just robbed. He went in with the two co-defendants and a juvenile, Donnell Hatchett. Dawon Martin, co-defendant B, was the gunman; Defendant Jackson, co-defendant C, was the getaway driver. They went in with what appeared to be an AK-47 or long-barreled rifle, entered the store, removed the cash register drawers, used the weapon

---

[1] Under Missouri law, "[a] person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime . . . [d]isplays or threatens the use of what appears to be a deadly weapon or dangerous instrument." Mo. Rev. Stat. §569.020.1(4). Section 569.010(1) provides that a person

> "forcibly steals," . . . when, in the course of stealing, . . . he uses or threatens the immediate use of physical force upon another person for the purpose of:
>
> (a) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or
>
> (b) Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft.

The minimum punishment for first degree robbery is ten years' imprisonment and the maximum is life imprisonment. Mo. Rev. Stat. §§ 569.020, 558.011.

to keep the cash register drawers when they were run into by some people who … were shopping in the store. Later, Mr. Hayes took the police to the weapon, made an audiotaped statement implicated himself and the others and … led the police to the proceeds of the robbery.

> The Court: Mr. Hayes, . . . is what the Circuit Attorney said true?
>
> The Defendant: Yes, ma'am.
>
> The Court: Did you do what the Circuit Attorney said you did?
>
> The Defendant: Yes, ma'am.
>
> The Court: Did it happen the way he said it happened?
>
> The Defendant: Yes, ma'am.

(Resp. Ex. 1 at 10.)[2]

Before accepting the guilty pleas, the court asked Petitioner if he had any complaints about his plea counsel.

> The Court: Have you told your lawyers all the facts surrounding the crimes with which you have been charged?
>
> The Defendant: Yes, ma'am.
>
> The Court: Have your lawyers fully answered your questions?
>
> The Defendant: Yes, ma'am.
>
> The Court: Have they done what you've asked them to do?
>
> The Defendant: Yes, ma'am.
>
> The Court: If there were a trial, are there any witnesses whom you'd want your lawyers to bring into court to testify for you?

---

[2] At the same plea hearing, Petitioner pled guilty to charges against him in another case involving seven state criminal charges, including assaulting a police officer, arising from an incident that occurred while Petitioner was on bond for the crimes involved in the present case.

3

> The Defendant: No, ma'am.
>
> The Court: Do you have any complaints with your lawyers?
>
> The Defendant: No, ma'am.

*Id*. at 12. Petitioner also denied that he had been threatened or intimidated into pleading guilty. *Id*. The court found that the pleas were made knowingly, voluntarily, and intelligently, and that there was a factual bases for the pleas.

At the sentencing hearing, the state recommended sentences of 20 years on each count to run concurrently with each other and with the other charges Petitioner had plead guilty to. Petitioner's counsel asked that the sentence be mitigated because Petitioner was not the gunman and cooperated with police after his arrest. Counsel further requested that the court suspend the sentence on the robbery conviction because even though the witnesses were told to "stay back and so forth, . . . no one was injured." *Id*. at 13.

After imposing the sentences noted above, the court asked Petitioner if he understood his rights and had received satisfactory counsel. The court asked whether counsel had represented Petitioner throughout the case, whether there had been enough time to discuss the charges with counsel, whether counsel answered all of Petitioners questions, whether counsel did what Petitioner asked him to do, and whether counsel fully explained Petitioner's rights. To all these questions, Petitioner answered affirmatively, including responding "yes" to the question "do you think counsel has done

a good job for you considering the circumstances?" Petitioner again denied that he had any complaints about plea counsel. *Id*. at 15.

**<u>Postconviction Proceedings</u>**

In an amended motion for state postconviction relief, prepared with the assistance of appointed council, Petitioner maintained that the State did not recite facts showing that the conditions had been met for a conviction of first degree robbery because the State did not describe any "victim" of the robbery, as the money was taken from Walgreen's and not a person, or that Petitioner forcibly stole money by displaying and threatening use of what appeared to be a dangerous weapon, as there was no violence toward the purported victim, Walgreen's. Thus, according to Petitioner, the trial court did not comply with Missouri Supreme Court Rule 24.02(e), which requires that a state court "not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea."

Petitioner also claimed that his plea counsel told him that he was afraid to take cases to trial. Petitioner claimed that he pled guilty because of the pressure from plea counsel and fear that plea counsel would not represent him zealously. Petitioner asserted that had plea counsel not expressed fear of trying his case, Petitioner would not have pled guilty and would have insisted on a trial. Petitioner argued that the combination of these factors rendered his plea unknowing, unintelligent, and involuntary.

The state circuit court denied Petitioner's request for an evidentiary hearing, and ruled that the factual basis of the record supported the plea and that the elements of robbery in the first degree had been met. The court also found that Petitioner's testimony

5

in his plea and sentencing hearings reflected both the voluntary nature of his pleas and his satisfaction with his counsel.

In affirming the denial of postconviction relief, the Missouri Court of Appeals held that Walgreen's met the definition of "another person" for purposes of first degree robbery, and that § 569.010.1 did not require that force be used specifically against the victim of the stealing. The court concluded that during the plea hearing, the state recited each element of the offense, thereby establishing a factual basis for the guilty plea.

With respect to the argument of ineffective assistance of plea counsel, the court found that Petitioner's assertion that he was pressured into pleading guilty was conclusory, and not sufficient to state a claim for relief. The court stated that the advice of plea counsel to plead guilty was sound, given the facts of the case. The court relied on Petitioner's statements at both hearings regarding his opinions of counsel to show that Petitioner voiced no complaints at those stages of the proceedings.

In the present action Petitioner reasserts the two claims noted above. Respondent argues for deference to the determinations of the Missouri Court of Appeals, especially in light of the relatively short sentence received by Petitioner. Respondent argues that the facts which Petitioner admitted at the plea hearing constitute first degree robbery under Missouri law, and that the testimony of Petitioner at the plea and sentencing hearings refutes his later claims of ineffective assistance of counsel.

# DISCUSSION

## Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA@), when a claim has been adjudicated on the merits in state court, an application for a writ of habeas corpus cannot be granted unless the state court's adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. ' 2254(d). The "contrary to" clause is satisfied if a state court has arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent but arrives at the opposite result. *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). A state court "unreasonably applies" clearly established federal law when it Aidentifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the particular state prisoner's case.@ *Williams v. Taylor*, 529 U.S. 362, 413 (2000); *Linehan v. Milczark*, 315 F.3d 920, 924 (8th Cir. 2003).

A case cannot be overturned merely because it incorrectly applies federal law; the application must also be Aunreasonable.@ *Williams*, 529 U.S. at 411; *Wright v. Bowersox*, 720 F.3d 979, 985 (8th Cir. 2013) (under AEDPA, a writ of habeas corpus may not be granted unless "the relevant state-court decision not only applied clearly established federal law erroneously or incorrectly, but also did so unreasonably").

> The factual findings of the state court also may be challenged in a ' 2254 petition, but they are subject to an even more deferential review. Relief may be granted if the state court adjudication Aresulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.@ 28 U.S.C. ' 2254(d)(2). Factual findings by the state court Ashall be presumed to be correct,@ a presumption that will be rebutted only by Aclear and convincing evidence.@ *Id.* ' 2254(e)(1).

*Kinder v. Bowersox*, 272 F.3d 532, 538 (8th Cir. 2001).

**<u>Ineffective Assistance of Counsel / Involuntary Plea</u>**

Two constitutional rights are involved in Petitioner=s first claim -- the right to the effective assistance of counsel and the right to a trial. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must not only show that counsel=s performance was deficient, but that he was prejudiced by his counsel's incompetence. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In order to show prejudice, a habeas petitioner who pled guilty in state court must show that Athere is a reasonable probability that, but for counsel=s errors, [he] would not have pleaded guilty and would have insisted on going to trial.@ *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (applying *Strickland* to the guilty plea context).

A guilty plea, which waives a criminal defendant=s right to a trial, Anot only must be voluntary,@ but must be a knowing, intelligent act Adone with sufficient awareness of the relevant circumstances and likely consequences.@ *Brady v. United States*, 397 U.S. 742, 748 (1970); *see also North Carolina v. Alford*, 400 U.S. 25, 31 (1970) (guilty plea that is not Avoluntary and knowing@ violates due process).

8

"In the absence of a claim of innocence, there is no federal constitutional requirement that a state defendant's guilty plea have a factual basis." *Moore v. Denney*, No. 4:09CV1817 HEA, 2013 WL 3724816, at *7 (E.D. Mo. July 16, 2013) (citing *Wabasha v. Solem*, 694 F.2d 155, 157 (8th Cir. 1982) (absent a claim of innocence, the requirement that a guilty plea have a factual basis arises out of Federal Rule of Criminal Procedure 11 and not out of the constitution)); *see also Flint v. Milburn*, No. 4:11CV1977 JCH, 2013 WL 1787572, at *3-4 (E.D. Mo. April 25, 2013). Here, Petitioner has not urged he was innocent of the charged offenses. Furthermore, this ground for relief is an effort by Petitioner to seek this Court's review of the state appellate court's determination that the state plea court complied with Missouri Supreme Court Rule 24.02(e); such a claim is not cognizable for federal habeas relief. See *Moore*, 2013 WL 3724816, at *7. Even if the claim were cognizable, the claim lacks merit. The state courts reasonably determined that there was an adequate factual basis for the plea to first degree robbery.

With respect to the claim that counsel intimidated Petitioner to plead guilty, the Eighth Circuit has held that "'[s]olemn declarations in open court carry a strong presumption of verity.'" *Smith v. Lockhart*, 921 F.2d 154, 157 (8th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Here, in light of the statements made by Petitioner at the plea and sentencing hearings, the state courts were reasonable in finding that Petitioner voluntarily pled guilty, and further received effective assistance of counsel. *See Jones v. Steele*, No. 4:13CV234 JCH, 2013 WL 4026880 at *9 (Aug. 6, 2013).

## **CONCLUSION**

The Court concludes that Petitioner is not entitled to federal habeas relief. Furthermore, the Court does not believe that reasonable jurists might find the Court's assessment of Petitioner's claims for habeas relief debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. ' 2254(d)(2). *See Miller-El v. Cockrell,* 537 U.S. 322, 338 (2003) (standard for issuing a Certificate of Appealability) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Marvin Hayes for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability shall not be issued in this case.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 26th day September, 2013.